United States District Court
Central District of California

UNITED STATES OF AMERICA vs.                    Docket No.  CR02-71(A) and 02-71(C)LGB
Defendant IONUT LUCIAN POPESCU                  Social Security No. 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
aka's: Pee Wee, Ionut Topescu                   Mailing Address:
& Residence 1620 N. Normandie Ave., #1                        Same
Address      Los Angeles, CA 90027

**AMENDED**
JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person
on this date: June 23, 2004

**COUNSEL:**   XX  WITH COUNSEL William Harris, Appointed

**PLEA:**      XX  GUILTY, and the Court being satisfied that there is a factual
               basis for the plea. ____ NOLO CONTENDERE ____ NOT GUILTY

**FINDING:**   There being a FINDING of GUILTY, defendant has been convicted as charged of the
               offense(s) of: 18 USC 1029(b)(2): Conspiracy to Use Unauthorized Access
               Devices; and Effect Transactions with Others' Access Devices (Count 1, CR
               02-71(A)), Class D Felony; 18 USC 1029(a)(2); 2(a): Unauthorized Use of
               Access Devices; Aiding and Abetting (Count 2, CR02-71(A)), Class C Felony;
               18 USC 1343: Wire Fraud (Counts 1 and 2, CR 02-71(C)), Class D Felonies

**JUDGMENT AND PROBATION/COMMITMENT ORDER:**
The Court asked whether defendant had anything to say why judgment should not be pronounced.
Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court
adjudged the defendant guilty as charged and convicted and ordered that:
It is ordered that the defendant shall pay to the United States a special
assessment of $400.00, which is due immediately.
It is ordered that the defendant shall pay restitution in the total amount of
$324,061.52 pursuant to 18 USC 3663A.
The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| Amazon | $22,285.93 |

Legal Department
P.O. Box 81226, Seattle, WA 98108

| | |
|---|---|
| Hewlett-Packard | $39,085.00 |

4988 Great American Pkwy., Santa Clara, CA 95054

| | |
|---|---|
| Egghead | $31,682.00 |

1350 Willow Road, Menlo Park, CA 94045

| | |
|---|---|
| Handspring | $10,768.18 |

189 Bernardo Avenue, Mountain View, CA 94043

| | |
|---|---|
| Office Depot | $5,261.00 |

2200 Old Germantown Road, Delray Beach, FL 33445

| | |
|---|---|
| Buy.com | $1,881.00 |

27 Brookline, Aliso Viejo, CA 92656

| | |
|---|---|
| Ingram Micro, Inc. | $213,098.41 |

1600 East St. Andrew Pl., Santa Ana, CA 92705

**AMENDED to correct
clerical error on page
5 header as to
defendant's last name
only.**

**SO AMENDED.**
by: _____
Hon. Virginia A. Phillips
Chief U.S. District Judge

FILED
CLERK, U.S. DISTRICT COURT

NUNC PRO TUNC TO 6/29/2004

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

ENTERED
CLERK U.S. DISTRICT COURT

JUN 29 2004

CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**PAGE ONE OF FIVE**

United States District Court
Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA | Docket No. CR02-71(A) and |
| vs | CR02-71(C) LGB |
| IONUT LUCIAN POPESCU | DATE: June 23, 2004 |
| Defendant | |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

(CONTINUED FROM PAGE 1)

If the defendant makes a partial payment, each payee shall receive approximately proportional payment. Restitution shall be due during the period of probation, as directed by the Court or the United States Attorney. Nominal monthly payments of at least $200 shall be made during the period of probation. These payments shall begin 30 days after the completion of six months home detention. Nominal restitution payments are ordered as the Court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered. Pursuant to 18 US 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 USC 3612(g). Defendant shall be held jointly and severally liable with co-participants, Steve Carballo and Shaun Sohacki, CR 02-71(A), CR 02-71(B) and CR 02-71(C), for the amount of restitution ordered in this judgment. Defendant shall comply with General Order No. 01-05. Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

**Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, IONUT LUCIAN POPESCU, is hereby placed on Probation for a term of three (3) years on Counts 1 and 2 of the 5-Count First Superseding Indictment and Counts 1 and 2 of the 2-Count Second Supplemental Information. This term consists of three years each on Counts 1 and 2 of the First Superseding Indictment and Counts 1 and 2 of the First Supplemental Information, to be served concurrently,** under the following terms and conditions:

1.  The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;
2.  Defendant shall be placed on six months home confinement with electronic monitoring. Defendant shall pay the costs of electronic monitoring, at a rate not to exceed $4.70 per day, directly to the service provider and provide proof of payment to the Probation Officer.
3.  Defendant shall participate in outpatient substance abuse treatment and submit to drug and alcohol testing, as instructed by the Probation Officer. Defendant shall abstain from using illicit drugs, using alcohol, and abusing prescription medications during the period of supervision;
4.  During the period of probation defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.
5.  Defendant shall not possess, or use, a computer with access to any "online computer service" at any location, with the exception of such use in connection with his employment at Starbucks, without the prior written approval of the Probation Officer. This includes any Internet service provider, bulletin board system or any other public or private computer network.

**PAGE TWO OF FIVE**

# United States District Court
## Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA | Docket No. **CR02-71(A) and** |
| vs | **CR02-71(C) LGB** |
| IONUT LUCIAN POPESCU | DATE: June 23, 2004 |
| Defendant | |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

(CONTINUED FROM PAGE 2)
The Court advises the defendant of his right to appeal.

Upon motion of government, remaining counts/underlying indictment are ordered dismissed.

Bond is exonerated, together with interest accrued, if any, upon commencement of home detention.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. the Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

Signed by: U.S. District Court Judge     _LOURDES G. BAIRD_

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

Dated/Filed June 28. 2004

By _____
Krista Barrett, Courtroom Deputy

PAGE THREE OF FIVE

U.S.A. vs IONUT LUCIAN POPESCU                          Docket No.: CR02-71(A) and (C)-LGB

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall comply with the additional conditions on the attached page(s) pursuant to General Orders 318 and 01-05.

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
       Private victims (individual and corporate),
       Providers of compensation to private victims,
       The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

Page __5__ of __5__

U.S.A. vs IONUT LUCIAN POPESCU          Docket No.: CR02-71(A) and (C)-LGB

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependants and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall not possess a firearm or other dangerous weapon;
16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

These conditions are in addition to any other conditions imposed by this judgment.

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____          By _____
Date                                         Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_June 28. 2004_          By _X Barun_
Filed Date                                         Deputy Clerk

CR-104 (10/02)          JUDGMENT & PROBATION/COMMITMENT ORDER